CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 2 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY D. DREW,<br>    Plaintiff, | Civil Action No. 7:07-cv-00428 |
| v. | **MEMORANDUM OPINION** |
| JOHN JABE, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Troy D. Drew, a Virginia prisoner proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983. Drew has also requested to proceed in forma pauperis.

According to court records, Drew has had three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Drew may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Drew has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the

---

[1] See Drew v. Young, et al., No. 7:02cv00542 (W.D. Va. Feb. 24, 2003); Drew v. Young, et al., No. 7:03cv00063 (W.D. Va. May 30, 2003); Drew v. Young, et al., 74 Fed. Appx. 275 (4th Cir. 2003); Drew v. Young, et al., 70 Fed. Appx. 725 (4th Cir. 2003).

[2] Drew alleges that the defendants were "deliberately indifferent to [his] serious medical dietary needs," by not providing him with a Rastafarian diet; failed to protect him from being assaulted by another inmate; subjected him to an "atypical/significant hardship by taking his commissary food item and inflicting extreme weight loss;" denied him equal protection by not providing him with a Rastafarian religious diet while Muslims and Jews in the Virginia Department of Corrections ("VDOC") are provided special meals; housed him in segregation against his will; left him vomiting with stomach pains and did not give him medical treatment; denied his request to transfer to another facility and forced him to participate in a "phase out program," which he alleges is unconstitutional; failed to supervise the VDOC; and discriminated against him based on his placement in segregation by not giving him a Christmas bag, commissary consumable items, or donuts. The court finds that none of Drew's allegations demonstrate that he is under imminent danger of serious physical injury.

[3] The court notes that if Drew wishes to re-file his claims, amending them to allege imminent danger of serious physical injury, he may do so by filing a separate action.

1

accompanying Order to the plaintiff.

    ENTER: This \_\_\_\_ day of October, 2007.

                                                                             United States District Judge

2